[Cite as *State v. Branham*, 2014-Ohio-5067.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee                 :          C.A. CASE NO.    2013 CA 49

v.                                     :          T.C. NO.    13CR109

ROGER BRANHAM, JR.                     :          (Criminal appeal from
                                                  Common Pleas Court)

    Defendant-Appellant                :

                                       :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the _____14th_____ day of _____November_____, 2014.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

GARY C. SCHAENGOLD, Atty. Reg. No. 0007144, 4 East Schantz Avenue, Dayton, Ohio 45409
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   Defendant-appellant Roger Branham, Jr., appeals his conviction and sentence for one count of gross sexual imposition (GSI), in violation of R.C. 2907.05(A)(1), a felony of the fourth degree.  Branham filed a timely notice of appeal with this Court on June 4, 2013.

{¶ 2}   On February 19, 2013, Branham was indicted for one count of GSI (victim less than thirteen years of age), in violation of R.C. 2907.05(A)(4), a felony of the third degree.  At his arraignment on February 25, 2013, Branham pled not guilty.

{¶ 3}   On May 29, 2013, Branham pled guilty to a reduced charge of GSI, in violation of R.C. 2907.05(A)(1), a felony of the fourth degree.  Branham was subsequently sentenced to a maximum term of eighteen months in prison.  At the time of his plea and sentencing in the instant case, Branham was on post-release control (PRC) from a previous felony conviction for rape[1] of a child under thirteen.  As a result of the PRC violation, the trial court sentenced Branham to an additional year in prison, to be served consecutively to his sentence for GSI.  This resulted in an aggregate sentence of two years and six months in prison.

{¶ 4}   Branham's appeal was originally filed on June 4, 2013.  Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), original appellate counsel for Branham asserted that there were no meritorious issues for review.  By magistrate's order of November 12, 2013, we informed Branham that his counsel had filed an *Anders*

---

[1]Case No. 2003 CR 494.

brief and invited him to file a pro se brief assigning any error for our review within sixty days of our order. Branham did not file anything with this Court. In a decision and entry filed on February 27, 2014, we found that a potentially meritorious issue existed for appeal regarding whether the trial court erred when it failed to advise Branham that any additional sentence the court decided to impose for his PRC violation would have to run consecutively to his sentence for GSI. Accordingly, we appointed new appellate counsel to represent Branham, and his merit brief was filed on April 2, 2014.

{¶ 5} Branham's appeal is now properly before this Court.

{¶ 6} Branham's sole assignment of error is as follows:

{¶ 7} "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES UPON APPELLANT FOR THE OFFENSE IN THIS CASE AND FOR VIOLATING POST-RELEASE CONTROL."

{¶ 8} In his sole assignment, Branham contends that the trial court erred when it sentenced him to consecutive prison terms for the offense in the instant case and for violating the terms of his PRC.

{¶ 9} R.C. 2929.141 addresses the commission of an offense by a person under post-release control. It provides:

> (A) Upon the conviction of or plea of guilty to a felony by a person on
> post-release control at the time of the commission of the felony, the court
> may terminate the term of post-release control, and the court may do either of
> the following regardless of whether the sentencing court or another court of
> this state imposed the original prison term for which the person is on

post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. *A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony.* The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

(2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony.

(Emphasis added.) R.C. 2929.141(A).

{¶ 10} Branham argues that at the plea hearing, the trial court did not inquire as to whether he was on PRC when he committed the instant offense, and the State presented no evidence in that regard. Branham further asserts that the language in the "plea entry" does not satisfy the requirements of R.C. 2929.141.

{¶ 11} The record of the plea hearing reveals the following discussion regarding

Branham's PRC status:

> The Court: The Court has been handed a written plea of guilty to an amended charge of gross sexual imposition under [R.C.] 2907.05(A)(1), which is a felony of the fourth degree. *The document further indicates that the State will take no action on any PRC violations*, and the parties understand that a presentence investigation will be conducted prior to disposition on June the 2nd. (Emphasis added)

(Trans. 3, Lns. 14-21)

> The Court: Are you on probation, parole, community control, or post-release control?
>
> Branham: Parole.
>
> Defense Counsel: PRC, I think, is what it is.
>
> The Court: Post-release control?
>
> Branham: Yeah, PRC.
>
> The Court: And what offense were you in prison for that you were released on PRC?
>
> Branham: Rape.
>
> The Court: Have you discussed your case and possible defenses with your attorney?
>
> A: Yes.
>
> Q: Are you satisfied with the advice and representation that your attorney's given you?

A: Yes, sir.

Q: Is this your signature on the plea form?

A: Yes.

Q: Before you signed the document, did you read it, go over it with your attorney?

A: Yes, sir.

Q: Did you understand everything in the document?

A: Yes, sir, I did.

(Trans. 5-6).

***

Q: In your plea agreement, it says the State will not – how is that worded – take action on [the] PRC violation.

You understand the Prosecutor, first of all, does not represent the Parole Authority and cannot speak for the Parole Authority. Second, the prosecutor's office does not speak for the Court. *So their agreement not to proceed with* [the] *PRC violation does not mean that I will not sentence you for a PRC violation.*

Do you understand that?

A: Yes, sir, I understand.

(Trans. 7-8).

6       We also note that the plea form signed and acknowledged by Branham states in pertinent part:

I understand that if I am now on felony probation, parole, under a community control sanction, *or under post-release control from prison, this plea may result in revocation proceedings and any new sentence could be imposed consecutively*. *** (Emphasis added).

(Branham Plea Form, June 3, 2013).

{¶ 12} Contrary to Branham's assertions, the record establishes that the trial court inquired whether Branham was on PRC. Additionally, the record establishes that Branham and his counsel admitted during the plea hearing that he was on PRC for his prior rape conviction. Nevertheless, the trial court failed to inform Branham during the plea colloquy that, pursuant to the explicit language in R.C. 2929.141(A)(1), if it revoked his PRC, imposition of consecutive sentences for the violation was, in fact, mandatory upon imposition of a prison term for GSI.

{¶ 13} Significantly, although the plea form signed by Branham included a provision which informed him of the effect that his PRC violation could have on sentencing, it did not contain any language putting him on notice that consecutive sentences were mandatory upon a prison sentence on the GSI. Rather, the general provision in the plea form merely states that the trial court "could" impose consecutive sentences in the event of a violation of felony probation, parole, community control sanction, or post-release control from prison. The use of the word "could" in this context is misleading.

{¶ 14} The trial court not only should have told Branham that it was not bound by the State's recommendation, but also if a new prison term was imposed and the court elected to revoke his PRC, the time must be served consecutively. The trial court did not have the

discretion to use the word "could" as the language in the plea form suggests.

{¶ 15} Branham's sole assignment of error is sustained.

{¶ 16} Branham's sole assignment of error having been sustained, the judgment of the trial court is reversed, the plea is vacated, and this matter is remanded for proceedings consistent with this opinion.

. . . . . . . . . .

FAIN, J., concurs.

FROELICH, P.J., concurring:

{¶ 17} As a matter of law, the State, at most, could argue to the court at the sentencing hearing that a defendant should or should not be sentenced for a post-release control violation; but, pursuant to R.C. 2929.141(A), it is only the court that can "take action." This was an illusory representation that, together with the statement that any sentence on any post-release control violation "could" be consecutive, resulted in a plea that was not made with the knowledge of its possible consequences, despite the judge's attempts to clarify the distinct responsibilities of the court and the prosecutor.

{¶ 18} I concur.

. . . . . . . . . .

Copies mailed to:

Ryan A. Saunders
Gary C. Schaengold
Hon. Richard J. O'Neill