[Cite as *State v. Landgraf*, 2014-Ohio-5448.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                    :

      Plaintiff-Appellee                      :               C.A. CASE NO.    2014 CA 12

v.                                               :               T.C. NO.    13CR644

ERNEST LANDGRAF, JR.             :                    (Criminal appeal from
                                                              Common Pleas Court)
      Defendant-Appellant                :

                                                 :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ____12th____ day of _____December_____, 2014.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

CHARLES W. MORRISON, Atty. Reg. No. 0084368, 1105 Wilmington Avenue, Dayton, Ohio 45420
      Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

**{¶ 1}** Ernest Landgraf, Jr., pled guilty in the Clark County Court of Common Pleas to theft of a motor vehicle, a fourth-degree felony; as part of the plea, the State dismissed one count of breaking and entering. At the time of the offenses, Landgraf was on post-release control related to a prior felony committed in Montgomery County. At sentencing, the trial court imposed 18 months in prison for the theft, terminated Landgraf's post-release control in the Montgomery County case, and ordered him to serve a prison term for the amount of time remaining on his post-release control, to be served consecutively to the 18-month sentence.

**{¶ 2}** Landgraf appeals from his conviction, claiming that his plea was not made knowingly, intelligently, and voluntarily, because he was not informed of the potential additional, consecutive prison term that could be applied under R.C. 2929.141 for the post-release control violation. For the following reasons, the trial court's judgment will be reversed, the plea will be vacated, and the matter will be remanded for further proceedings.

I. Procedural History

**{¶ 3}** In February 2012, Landgraf was convicted on his guilty plea in the Montgomery County Court of Common Pleas of tampering with coin machines, a fifth-degree felony.[1] *State v. Landgraf*, Montgomery C.P. No. 2011 CR 1475 (Feb. 22, 2012). The trial court in that case sentenced him to seven months in prison and notified

---

[1] In September 2014, the trial court ordered the record in this case to be supplemented with a certified copy of the termination entry from *State v. Landgraf*, Montgomery County C.P. No. 2011 CR 1475. Our understanding of what occurred in Landgraf's Montgomery County case is based on that judgment entry and information in the presentence investigation report for this case.

him that, at the discretion of the parole board, he may be placed on post-release control for three years upon his release from prison. The judgment entry further indicated that Landgraf was notified of the consequences of violating post-release control, including that "[i]f the violation of the [post-release control] sanction is a felony, in addition to being prosecuted and sentenced for the new felony, the defendant may receive from the court a prison term for the violation of the post-release control itself." Landgraf served his prison term and was placed on three years of post-release control.

{¶ 4} On September 4, 2013, while on post-release control, Landgraf broke into Dan McFaddon Auto Sales in New Carlisle, Ohio, and took a 1999 Dodge Dakota from the lot. Landgraf was indicted for breaking and entering and theft of a motor vehicle arising from that incident.

{¶ 5} On January 6, 2014, Landgraf pled guilty to theft of a motor vehicle, in exchange for which the State dismissed the breaking and entering charge. The plea form indicated that Landgraf faced a maximum prison term of 18 months and a maximum fine of $5,000. The plea form further stated, in part, "I understand that if I am now on felony probation, parole, under a community control sanction, or under post release control from prison, this plea may result in revocation proceedings and any new sentence could be imposed consecutively. I know any prison term stated will be served without good time credit."

{¶ 6} At the plea hearing, the trial court did not inquire whether Landgraf was on community control, parole, or post-release control, and no mention was made of the fact that Landgraf was on post-release control at the time of the offense. The trial court did ask

Landgraf if he had a chance to review the plea form with his attorney and if he understood everything in it. Landgraf responded affirmatively, and he acknowledged signing the plea form.

{¶ 7} The court orally informed Landgraf that theft of a motor vehicle carried a maximum penalty of 18 months in prison and a $5,000 fine. Landgraf indicated that he understood. The court also told Landgraf that, if he were sentenced to prison for the theft, he could be placed on post-release control for three years and of the consequences of violating post-release control. Landgraf stated he understood this, as well. The court explained the constitutional rights that he was waiving by entering a guilty plea and inquired whether he was entering his plea voluntarily. The court found that Landgraf had entered his plea knowingly, intelligently, and voluntarily, and found him guilty on his guilty plea. The court ordered a presentence investigation.

{¶ 8} The trial court sentenced Landgraf on January 27, 2014. At that time, the prosecutor highlighted Landgraf's criminal history and told the court that it "appears" that Landgraf was on post-release control at the time of the offense and continued to be on post-release control. The presentence investigation report stated, "It was verified from the Adult Parole Authority Parole Officer * * * that the defendant has been on PRC since September, 2012 for a period of 3 years in Case No. 11 CR 1475 from Montgomery County." The state argued that Landgraf was "not a good candidate for community control."

{¶ 9} The trial court sentenced Landgraf to the maximum 18 months in prison and ordered him to pay restitution and court costs. The court also ordered Landgraf's

post-release control in Montgomery C.P. No. 2011 CR 1475 to be terminated and that he serve "a prison term for the amount of time you have remaining on post-release control," to be served consecutively to the 18-month sentence. The remaining portion of his post-release control appears to have been 23 months.

## II. Voluntariness of Plea

{¶ 10}    Landgraf's sole assignment of error states: "The trial court erred in accepting appellant's guilty plea as it was not knowingly, intelligently and voluntarily tendered."

{¶ 11}    An appellate court must determine whether the record affirmatively demonstrates that a defendant's plea was made knowingly, intelligently, and voluntarily. *State v. Russell*, 2d Dist. Montgomery No. 25132, 2012-Ohio-6051, ¶ 7.   "If a defendant's guilty plea is not knowing and voluntary, it has been obtained in violation of due process and is void."   *State v. Brown*, 2d Dist. Montgomery Nos. 24520 and 24705, 2012-Ohio-199, ¶ 13, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).   In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C).   *Brown* at ¶ 13.

{¶ 12}    Crim.R. 11(C)(2) requires the court to address the defendant *personally* and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he understands that, by entering the plea, the

defendant is waiving the rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses, and to require the State to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself. *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 13} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *E.g.*, *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* In contrast, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Clark* at ¶ 31.

{¶ 14} Furthermore, when non-constitutional rights are at issue, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. Prejudice in this context means that the plea would otherwise not have been entered. *Id*. at ¶ 15.

{¶ 15} Landgraf argues that the trial court's Crim.R. 11 colloquy was deficient in that the trial court failed to fully explain the maximum penalties that he faced. Specifically, Landgraf asserts that the trial court was required to explain that he was "immediately subject to an additional, consecutive prison term as a consequence of pleading guilty to the felony

theft offense while under post release control." He further states that the language of plea form failed to adequately inform him of the possible maximum penalty he faced under R.C. 2929.141.

{¶ 16} R.C. 2929.141 addresses sentencing on a felony committed by a person under post-release control at the time of the offense. It provides, in relevant part:

(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

(2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony.

{¶ 17}   We recently vacated a defendant's plea and reversed his conviction where the trial court failed to inform the defendant that, if a prison term were imposed for the new felony and the court elected to terminate his post-release control, the time must be served consecutively.   *State v. Branham*, 2d Dist. Clark No. 2013 CA 49, 2014-Ohio-5067.

{¶ 18}    In *Branham*, the defendant was on post-release control for a rape conviction when he committed a new felony, and he pled guilty to a reduced charged of gross sexual imposition, a fourth-degree felony.   Identical to Landgraf's plea form, the plea form in *Branham* included a statement that "I understand that if I am now * * * under post-release control from prison, this plea may result in revocation proceedings and any new sentence could be imposed consecutively."   The plea agreement in *Branham* also included the State's promise not to take any action on the post-release control violation.

{¶ 19}    At the plea hearing, Branham acknowledged that he was on post-release control.   The court inquired whether Branham had signed the plea form, had read and discussed it with his attorney before signing it, and had understood it; Branham stated that he had.   The court explained to Branham that the State did not speak for the parole board when it agreed to take no action on the post-release control violation, and the court told Branham that it could still sentence him for the post-release control violation.   Branham stated that he understood.

{¶ 20} On appeal, Branham argued that the trial court erred in imposing consecutive sentences for the new felony and the post-release control violation. We agreed on the ground that the trial court had failed to inform Branham during the plea colloquy that, pursuant to the explicit language in R.C. 2929.141(A)(1), if it revoked his post-release control, the imposition of consecutive sentences for the violation was mandatory upon imposition of a prison term for the new felony. *Branham* at ¶ 12.

{¶ 21} We rejected the State's assertion that the plea form adequately informed Branham that the court would impose consecutive sentences upon the termination of his post-release control. We stated:

> Significantly, although the plea form signed by Branham included a provision which informed him of the effect that his PRC violation could have on sentencing, it did not contain any language putting him on notice that consecutive sentences were mandatory upon a prison sentence on the GSI. Rather, the general provision in the plea form merely states that the trial court "could" impose consecutive sentences in the event of a violation of felony probation, parole, community control sanction, or post-release control from prison. The use of the word "could" in this context is misleading.

*Branham* at ¶ 13. We thus concluded that the trial court "not only should have told Branham that it was not bound by the State's recommendation, but also if a new prison term was imposed [on the gross sexual imposition] and the court elected to revoke his PRC, the time must be served consecutively. The trial court did not have the discretion to use the word 'could' as the language in the plea form suggests." *Id.* at ¶ 14.

**{¶ 22}** Landgraf raises these same issues in the context of the voluntariness of his plea, and we find *Branham* to be relevant to our resolution of that issue. In this case, the trial court did not inquire at the plea hearing whether Landgraf was on post-release control at the time of his offense, and the trial court did not address *any* of the consequences that Landgraf faced under R.C. 2929.141 if Landgraf were to plead guilty to a new felony.

**{¶ 23}** In our view, Crim.R. 11 required the trial court to inform Landgraf that, if he pled guilty to theft of a motor vehicle (a new felony), the court could terminate his previously-imposed post-release control and, if a prison term were imposed for the theft of a motor vehicle charge, the trial court could also impose a prison term for the post-release control violation, which would be served consecutively to the prison term imposed on the new felony (theft of a motor vehicle). In addition, the trial court should have notified Landgraf of the maximum prison term he faced for violating the post-release control imposed by the Montgomery County court.

**{¶ 24}** The plea form was insufficient to notify Landgraf of the consequences of pleading guilty to a felony committed while under post-release control. The plea form stated that "this plea may result in revocation proceedings and any new sentence *could be* imposed consecutively. I know any prison term stated will be served without good time credit." (Emphasis added.) As we stated in *Branham*, this language is misleading in that it suggests that the trial court had the discretion whether to impose a consecutive sentence for the post-release control violation.

**{¶ 25}** Finally, the State cites to the termination entry in Landgraf's Montgomery County case (for which post-release control was imposed) to support its assertion that

Landgraf had sufficient notice of the consequences of violating community control. The termination entry stated, in part: "If the violation of the [post-release control] sanction is a felony, in addition to being prosecuted and sentenced for the new felony, the defendant may receive from the court a prison term for the violation of the post-release control itself." The notification in Montgomery C.P. No. 2011 CR 1475 did not indicate the potential maximum prison term for the post-release control violation or that the prison terms for the new felony and the violation would be consecutive sentences. Moreover, the notification provided in Montgomery C.P. No. 2011 CR 1475 occurred nearly two years before Landgraf was sentenced in this case.

{¶ 26} Landgraf's assignment of error is sustained.

### III. Conclusion

{¶ 27} The judgment of the trial court is reversed, the plea is vacated, and this matter is remanded for further proceedings.

. . . . . . . . . .

HALL, J., concurring:

{¶ 28} I disagree with the analysis about the nature of a plea with the potential of mandatory consecutive sentencing for committing a new felony violation while on post-release control. Landgraf at least twice was notified that a felony violation of post-release control (PRC) could result in an additional sentence. First, the entry imposing PRC in Montgomery County C.P. No. 2011 CR 1475 informed him that if he committed a new felony while on supervision, "in addition to being prosecuted and sentenced for a new felony, the defendant may receive from the court a prison term for the violation of the

post-release control itself." Second, the plea form in this case stated: "I understand that if I am now on felony probation, parole, under a community control sanction, or under post release control from prison, this plea may result in revocation proceedings and any new sentence could be imposed consecutively." The plea form, although arguably incomplete, is not incorrect or misleading. In an attempt to cover the potential sentencing permutations for different kinds of supervision where an additional sentence *may* be consecutive (i.e., community control), the form encompasses PRC where, if imposed, the additional sentence *must* be consecutive. Admittedly, it would be more clear if the form, and court colloquy, included notification that in the case of PRC an additional sentence, if imposed, must be consecutive. But one who knowingly accepts the risk that a discretionary potential sentence may be imposed consecutively should not be heard to complain when it is imposed consecutively.

{¶ 29} However, I join in the reversal, vacation of the plea, and remand because this court previously has decided the case of *State v. Branham*, 2d Dist. Clark No. 2013 CA 49, 2014-Ohio-5067, which held that if a trial court imposes an additional prison term for a PRC violation then it is required to have informed the defendant at the time of his plea that the additional sentence *must* be served consecutively. *Id*. at ¶ 14. That is the law in this district, and the doctrine of stare decisis dictates adherence to it.

. . . . . . . . . .

WELBAUM, J., concurring:

{¶ 30} I concur with Judge Froelich and Judge Hall that *State v. Branham*, 2d Dist. Clark No. 2013 CA 49, 2014-Ohio-5067, is controlling. For that reason only, I join in the

judgment of the court. I further concur with the analysis of Judge Hall's concurring opinion.

. . . . . . . . . .

Copies mailed to:

Ryan A. Saunders
Charles W. Morrison
Hon. Douglas M. Rastatter