[Cite as *State v. White*, 2015-Ohio-28.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | Appellate Case Nos. 2014-CA-54 |
| | : | 2014-CA-55 |
| Plaintiff-Appellee | : | 2014-CA-56 |
| | : | |
| v. | : | Trial Court Case No. 13-CR-604 |
| | : | |
| VERNON WHITE, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 9th day of January, 2015.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

WILMER J. DECHANT, JR., Atty. Reg. No. 0085084, Hammond Stier and Stadnicar, 3836 Dayton-Xenia Road, Beavercreek, Ohio 45432
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} This matter comes before us on three consolidated appeals by defendant-appellant Vernon White, Jr. In case number 2014-CA-54, he appeals from his

conviction and sentence following a guilty plea to one count of receiving stolen property, a fourth-degree felony. In case number 2014-CA-55, he appeals from his conviction and sentence following a guilty plea to one count of failure to appear on an own-recognizance bond, a fourth-degree felony. In case number 2014-CA-56, he appeals from his conviction and sentence following a guilty plea to one count of receiving stolen property, a fourth-degree felony. Both receiving-stolen-property convictions involved White being found in possession of a stolen vehicle. The failure-to-appear conviction involved his failure to appear for disposition in the first receiving-stolen-property case.

{¶ 2} The trial court conducted a plea hearing in each of the foregoing cases. After engaging in Crim.R. 11 colloquies, it accepted White's guilty pleas. It later held a March 19, 2014 sentencing hearing for all three cases. After reviewing a presentence investigation report, listening to arguments from counsel, and allowing White to make a statement, the trial court imposed the following prison terms: (1) eighteen months in case number 2014-CA-54 plus a consecutive twelve months for commission of a felony while on post-release control; (2) twelve months in case number 2014-CA-55 to be served consecutive to the sentence in case number 2014-CA-54; and (3) eighteen months in case number 2014-CA-56 to be served consecutive to the sentence in case number 2014-CA-54 and consecutive to the sentence in case number 2014-CA-55. The aggregate result was a sixty-month prison term.

{¶ 3} On September 25, 2014, White's appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for our review. We notified White of the *Anders* brief and invited him to submit a pro se brief. White did not respond, and the

matter is now before us for disposition.

{¶ 4} Although counsel's *Anders* brief does not identify any potential issues for appeal, we have undertaken an independent review of the record, including the plea and sentencing hearing transcripts. Having performed that review, we agree that no non-frivolous issues exist. The plea-hearing transcripts reflect full compliance with Crim.R. 11(C)(2)(c) regarding the constitutional rights White was waiving. The trial court also complied with Crim.R. 11(C)(2)(a) and (b) with one exception. Specifically, we find nothing in either plea-hearing transcript advising White, pursuant to Crim.R. 11(C)(2)(b), that upon accepting his pleas the trial court could proceed with judgment and sentence. In any event, the trial court *did not* proceed immediately to judgment and sentencing. After accepting the pleas, it continued disposition for review of a presentence investigation report. Therefore, White cannot possibly demonstrate that he was prejudiced by the trial court's failure to adhere strictly to Crim.R. 11(C)(2)(b). *State v. Woods*, 2d Dist. Clark No. 05CA0063, 2006-Ohio-2325, ¶ 7.

{¶ 5} During the plea hearing, the trial court also once incorrectly referred to White's failure-to-appear offense as a third-degree felony. (March 17, 2014 Tr. at 3). On several other occasions during the hearing, however, the trial court correctly identified it as a fourth-degree felony. (*Id.* at 4, 7, 12-13). The trial court also properly advised White of the potential sentence for a fourth-degree felony. (*Id.* at 7). Therefore, we see no non-frivolous issue arising from the trial court's isolated misstatement. Finally, we note that the trial court properly advised White that he could receive an additional twelve-month prison sentence for having committed a felony while on post-release control and that such a sentence, if imposed, would be consecutive. *See State v.*

*Landgraf*, 2d Dist. Clark No. 2014 CA 12, 2014-Ohio-5448.

{¶ 6} With regard to sentencing, White's sentences were within the authorized statutory range, and the trial court considered the statutory seriousness and recidivism factors as well as the principles and purposes of sentencing. The trial court also made the findings necessary under R.C. 2929.14(C) for consecutive sentences. Under the statute, a trial court may impose consecutive sentences if it determines that (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 7} Here the trial court found consecutive service necessary to protect the public from future crime and to punish White. It also found consecutive sentences not disproportionate to the seriousness of his conduct and to the danger he poses to the public. Finally, it found that he committed all of the current offenses while on post-release control for a prior felony and that he committed the last two while awaiting trial or sentencing on the first one. The trial court properly included these findings in two of its judgment entries.[1] *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. The record supports the trial court's findings. White had approximately fourteen prior felony convictions and many prior misdemeanor convictions. He had been imprisoned numerous times. He was on post-release control at the time of the current offenses. He was under an own-recognizance bond for the first receiving-stolen-property offense when he committed the second receiving-stolen-property offense. At sentencing, he admitted having an "extensive" criminal history, which he attributed to drug addiction. In our view, these facts would render any challenge to the trial court's consecutive-sentence findings frivolous.

{¶ 8} Having conducted our independent review, we agree with appointed appellate counsel's assessment that no non-frivolous issues exist for appellate review. Accordingly, the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . .

---

[1] The trial court's judgment entry in case number 2014-CA-54 did not contain findings to support ordering the eighteen-month sentence in that case to be served consecutive to the twelve-month term imposed in the same case for commission of a felony while on post-release control. Findings were not required, however, for those two sentences to be served consecutively because consecutive service was required by law. *Landgraf* at ¶ 16-17, citing R.C. 2929.141.

FROELICH, P.J., and FAIN, J., concur.


Copies mailed to:

Ryan A. Saunders
Wilmer J. Dechant, Jr.
Vernon White, Jr.
Hon. Richard J. O'Neill