[Cite as *State v. Rider*, 2021-Ohio-1070.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                              Court of Appeals No. OT-19-030

      Appellee                                         Trial Court No. 18 CR 121

v.

 Steven Rider, Jr.                                     **DECISION AND JUDGMENT**

      Appellant                                        Decided:  March 31, 2021

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Blake W. Skilliter, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Steven Rider, Jr., appeals the May 17, 2019 judgment of the Ottawa County Court of Common Pleas which, following his guilty pleas to attempted burglary and burglary charges, sentenced him to a total of nine years of imprisonment.  Because we find no error, we affirm.

{¶ 2} On May 17, 2018, a 43-count indictment was filed charging appellant with multiple theft, burglary, and robbery charges stemming from a series of break-ins over the weekend of March 25 to 27, 2018. On August 8, 2018, appellant entered not guilty pleas to all the charges.

{¶ 3} Thereafter, on March 13, 2019, appellant withdrew his not guilty pleas and entered pleas of guilty to two counts of attempted burglary, third-degree felonies, and one count of burglary, a second-degree felony. In exchange for his pleas, the state agreed to dismiss the remaining counts.

{¶ 4} On May 17, 2019, appellant was sentenced to 24-month prison terms for the attempted burglary charges, to be served concurrently but consecutively to a seven-year imprisonment term for burglary. This appeal followed with appellant raising the following assignment of error:

1. The trial court committed reversible error by accepting guilty pleas of Steven Rider, Jr. ("Appellant") in violation of Crim.R. 11(C)(2)(b) insofar as the trial court did not orally inform Appellant during the plea colloquy that the trial court could immediately proceed with judgment and sentence.

{¶ 5} In his sole assignment of error, appellant complains that his plea was invalid because the trial court violated Crim.R. 11(C) by failing to inform him that the court could immediately proceed with sentencing.

2.

**{¶ 6}** We note that before accepting a guilty plea, Crim.R. 11(C)(2) demands that the trial court inform a defendant of various rights he is waiving by entering the plea. The rule provides, in relevant part:

(2) In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:

* * *

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

**{¶ 7}** It is clear from the record that the court did not comply with Crim.R. 11. However, this court has held that "'[w]here a trial court does not proceed immediately to sentencing upon accepting a guilty plea, the defendant is not prejudiced by the court's failure to warn that it *could* have done so.' (Emphasis in original.)" *State v. Tunison*, 6th Dist. Wood No. WD-13-046, 2014-Ohio-2692, ¶ 15, quoting *State v. Boyd*, 8th Dist. Cuyahoga No. 98342, 2013-Ohio-30, ¶ 13. *See also State v. Johnson*, 11th Dist. Lake No. 2002-L-024, 2004-Ohio-331, ¶ 20.

**{¶ 8}** In the present case, the court accepted appellant's pleas on March 13, 2019, and he was sentenced on May 17, 2019. Thus, appellant has not demonstrated prejudice from the court's error. Appellant's assignment of error is not well-taken.

3.

**{¶ 9}** On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Ottawa County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                        JUDGE
Christine E. Mayle, J.

Myron C. Duhart, J.          _____
CONCUR.                                          JUDGE

_____
                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.