[Cite as *State v. Caudill*, 2023-Ohio-3843.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

  v.

RAY A. CAUDILL, JR.,

      DEFENDANT-APPELLANT.

CASE NO. 16-23-03

O P I N I O N

Appeal from Wyandot County Common Pleas Court
Trial Court No. 22 CR 0091

Judgment Affirmed

Date of Decision:  October 23, 2023

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Eric J. Figlewicz* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Ray A. Caudill, Jr. ("Caudill") appeals the judgment of the Wyandot County Court of Common Pleas, arguing that the trial court failed to comply with the requirements of Crim.R. 11(C)(2)(b). For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On August 10, 2022, Caudill was indicted on one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), a fourth-degree felony, and on one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony. On February 23, 2023, Caudill pled guilty to both of the charges in the indictment. On April 25, 2023, the trial court issued its judgment entry of sentencing.

*Assignment of Error*

{¶3} Caudill filed his notice of appeal on May 17, 2023. On appeal, he raises the following assignment of error:

> **The guilty plea herein was not properly taken and is invalid in that the trial court failed to substantially comply with its obligations to explain the non-constitutional rights, consequences, and implications of a plea of guilty.**

Caudill asserts that the trial court failed to explain that it could proceed to judgment and sentence upon accepting his pleas of guilty during the Crim.R. 11 colloquy.

*Legal Standard*

**{¶4}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450, 451 (1996). "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Id*. "Crim.R. 11(C)(2) directs trial courts to engage in a colloquy with a defendant before accepting a guilty or no contest plea in a felony case." *State v. Wallace*, 3d Dist. Henry No. 7-23-04, 2023-Ohio-3014, ¶ 6. This colloquy is designed to ensure that a plea is knowingly, intelligently, and voluntarily made. *State v. Phipps*, 2021-Ohio-258, 167 N.E.3d 576, ¶ 6 (3d Dist.).

**{¶5}** Crim.R. 11(C)(2)(a), requires a trial court, in addition to determining that a plea is voluntarily made, to ensure that the defendant understands the nature of the charges; the maximum penalty involved; and that probation or community control is not available at sentencing if the defendant is not eligible for such sanctions. Crim.R. 11(C)(2)(b) requires a trial court to inform the defendant of the effects of a guilty or no contest plea and of the fact that it may proceed to judgment and sentencing after accepting the plea. Crim.R. 11(C)(2)(c) requires a trial court to inform a defendant of various constitutional rights that are waived when a guilty or no contest plea is entered.

**{¶6}** In general, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the

provisions of Crim.R. 11(C)." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 16. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476 (1990). However, the Ohio Supreme Court has delineated two exceptions to this general rule. *Dangler* at ¶ 16.

**{¶7}** First, "a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Dangler* at ¶ 15. Second, "[w]hen a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest" as required by Crim.R. 11(C)(2)(c), the defendant's plea is presumed to have been "entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* at ¶ 14.

**{¶8}** Thus, the Ohio Supreme Court has explained the analysis of an appellate challenge based upon Crim.R. 11(C)(2) as involving three main questions: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Dangler*, *supra*, at ¶ 17.

*Legal Analysis*

**{¶9}** Caudill argues that the trial court failed to explain that, "upon acceptance of the plea, may proceed with judgment and sentence" as was required

by Crim.R. 11(C)(2)(b). However, during the Crim.R. 11 colloquy, the trial court stated the following: "Your plea of guilty will allow the Court to proceed with judgment on sentencing and you need to understand that the responsibility of determining the appropriate sentence in your case rests solely with the judge." (Tr. 10). Given this statement, we do not conclude that the trial court failed to comply with the portion of Crim.R. 11(C)(2)(b) identified on appeal. *See State v. Reinthaler*, 7th Dist. Mahoning No. 16 MA 0170, 2017-Ohio-9374, ¶ 11. Even if this portion of the colloquy was in some manner deficient, Caudill is still not excused from the necessity of demonstrating prejudice.

{¶10} On appeal, Caudill has not raised an argument that he would not have otherwise pled guilty had the trial court been more specific in the challenged portion of the Crim.R. 11 colloquy. Initially, we note that, in addition to the Crim.R. 11 colloquy, Caudill was given the following notification in the guilty plea that he signed: "I know the Judge may either sentence me today or refer my case for a pre-sentence report." (Doc. 25). Further, in this case, the trial court did not immediately proceed to sentencing Caudill but delayed disposition and sentencing until it could review a presentence investigation report. Courts have held that, "where a trial court does not proceed immediately to sentencing upon accepting a guilty plea, the defendant is not prejudiced by the court's failure to warn that it could have done so." *State v. Rogenski*, 7th Dist. Columbiana No. 18 CO 0019, 2020-Ohio-1360, ¶ 24. *See also State v. White*, 2d Dist. Clark No. 2014-CA-54, 2015-Ohio-28, ¶ 4;

Case No. 16-23-03

*State v. Rider*, 6th Dist. Ottawa No. OT-19-030, 2021-Ohio-1070, ¶ 7; *State v. Anthony*, 2015-Ohio-2267, 37 N.E.3d 751, ¶ 11 (8th Dist.); *State v. Brown*, 11th Dist. Geauga No. 2003-G-2504, 2004-Ohio-1843, ¶ 23.

{¶11} In conclusion, the trial court did not fail to comply with a portion of Crim.R. 11(C)(2)(b) as alleged by Caudill on appeal. Further, even if the identified portion of the Crim.R. 11 colloquy was in some manner deficient, Caudill has not raised an argument to establish that he would not have otherwise pled guilty. Thus, he has failed to demonstrate prejudice. Accordingly, his sole assignment of error is overruled.

*Conclusion*

{¶12} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Wyandot County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**MILLER, P.J. and WALDICK, J., concur.**

**/hls**