[Cite as *State v. Duka*, 2013-Ohio-4548.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-L-106** |
| JOHN DUKA, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 11 CR 000088.

Judgment: Sentence vacated and remanded for resentencing.

*Charles E. Coulson*, Lake County Prosecutor and *Alana A. Rezaee*, Assistant Prosecutor, Lake County Administration Building,105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Rick L. Ferrara*, 2077 East 4th Street, 2ndFloor, Cleveland, OH 44113 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} John Duka, Jr., appeals his sentence from the Lake County Court of Common Pleas for attempted corrupting another with drugs, a third degree felony. Mr. Duka contends the trial court erred in sentencing him to a mandatory prison term of three years. We vacate the sentence, and remand for resentencing.

{¶2} April 4, 2011, an indictment in four counts from the Lake County Grand Jury was filed against Mr. Duka. Counts One and Two charged him with corrupting

another with drugs (heroin), in violation of R.C. 2925.02(A)(4)(a), felonies of the second degree. Counts Three and Four charged him with corrupting another with drugs (marijuana), in violation of R.C. 2925.02(A)(4)(a), felonies of the fourth degree. April 15, 2011, Mr. Duka pleaded not guilty to all charges, and waived the rights to appear at arraignment, have the indictment read, and any defects in service. Motion practice ensued. July 21, 2011, Mr. Duka entered a written plea of guilty to an amended Count One, the charge being changed to attempted corrupting another with drugs, in violation of R.C. 2923.02 and 2925.02(A)(4)(a), a felony of the third degree. The plea agreement specifically states that prison time is mandatory for this crime. The following day, the trial court filed its judgment entry on the change of plea. The judgment entry recounts that Mr. Duka waived his right to a presentence report, since he was ineligible for community control sanctions. Sentencing hearing was held September 11, 2011. By a judgment entry filed September 13, 2011, the trial court, on the joint recommendation of counsel, sentenced Mr. Duka to a mandatory term of imprisonment of three years, and nolled the remaining counts of the indictment.

{¶3} June 11, 2012, Mr. Duka filed a pro se motion for judicial release with the trial court, alleging he had been unaware that his plea agreement required mandatory prison sentence. The state opposed the motion, noting he had been informed of the mandatory prison sentence at the time he entered the plea. By a judgment entry filed June 20, 2012, the trial court denied the motion for judicial release.

{¶4} August 3, 2012, Mr. Duka filed a pro se motion to correct his sentence as being contrary to law. In support of his motion, Mr. Duka argued that the crime to which he pleaded guilty did not carry a mandatory prison sentence. The state opposed the

2

motion; and, by a judgment entry filed August 22, 2012, the trial court denied the motion.

{¶5} September 29, 2012, Mr. Duka noticed a delayed appeal, App.R. 5(A), with this court, challenging both his judgment entry of sentence, and the trial court's denial of his motion to correct sentence. He further moved for appointment of counsel, and a transcript of his sentencing hearing at state expense. The state opposed. By a judgment entry filed January 2, 2013, this court granted the delayed appeal, appointed counsel, and ordered preparation of the transcript.

{¶6} Mr. Duka makes three assignments of error:

{¶7} "[1.] The trial court acted contrary to law by imposing a mandatory term of incarceration.

{¶8} "[2.] The court abused its discretion in imposing a mandatory term of incarceration.

{¶9} "[3.] Defense counsel provided ineffective assistance by failing to advise appellant that a mandatory term was not authorized under the law."

{¶10} By his first assignment of error, Mr. Duka contends the trial court erred as a matter of law in imposing a "mandatory" prison term on him. He reasons as follows. In his original indictment, Count One alleged violation of R.C. 2925.02(A)(4)(a), corrupting another with drugs, the drug being heroin. Pursuant to R.C. 2925.02(C)(1), this is a second degree felony, and a prison term is mandatory. However, Mr. Duka pleaded guilty to *attempted* corrupting another with drugs, in violation of R.C. 2923.02 and 2925.02(A)(4)(a). R.C. 2923.02(E)(1) specifies that this attempted corrupting another with drugs "is an offense of the next lesser degree than the offense attempted"

3

– i.e., a felony of the third degree. As Mr. Duka points out, R.C. 2929.13(F)(5) only requires a mandatory prison term for felonies of the third degree under R.C. 2925.02 if the latter statute requires it. Nothing in R.C. 2925.02, corrupting another with drugs, mandates a prison term for the crime Mr. Duka admitted committing.

{¶11} In reviewing appeals of felony sentences we are required to "ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶14. This is a purely legal question, which we consider under the "clearly and convincingly contrary to law" standard set forth at R.C. 2953.08(G)(2). *Id.*

{¶12} In sentencing Mr. Duka, the trial court misread the applicable statutes by concluding that a prison term was mandatory. Thus, its sentence is clearly and convincingly contrary to law. R.C. 2953.08(G)(2). The sentence must be vacated, and this matter remanded for resentencing.

{¶13} The state agrees that Mr. Duka must be resentenced.

{¶14} On remand, the trial court should consider whether community control sanctions should be applied to Mr. Duka. We note that such consideration complies with R.C. 2929.11(A), as amended by H.B. 86, which requires that felony sentences be fashioned, "without imposing an unnecessary burden on state or local government resources."

{¶15} The first assignment of error has merit. Finding it dispositive, we decline to reach the second and third assignments of error, deeming them moot. App.R. 12(A)(1)(c).

4

{¶16} Appellant's sentence is vacated, and this matter is remanded for resentencing.

{¶17} It is the further order of this court that appellee is assessed cost herein taxed.

{¶18} The court finds there were reasonable grounds for this appeal.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.