[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *L.J. Smith, Inc. v. Harrison Cty. Bd. of Revision,* Slip Opinion No. 2014-Ohio-2872.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-2872

L.J. SMITH, INC., APPELLANT, *v*. HARRISON COUNTY BOARD OF

REVISION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets,

it may be cited as *L.J. Smith, Inc. v. Harrison Cty. Bd. of Revision,*

Slip Opinion No. 2014-Ohio-2872.]

*County boards of revision—Jurisdiction—Evidence of filing of complaint—*
*Burden of proof—Presumption of regularity.*

(No. 2013-0934—Submitted April 30, 2014—Decided July 2, 2014.)

APPEAL from the Board of Tax Appeals, No. 2011-W-611.

_____

LANZINGER, J.

{¶ 1} In this appeal, we confront the most basic jurisdictional question that a real-property-valuation case can present: Was a complaint actually filed with the board of revision? Even though the board ordered a change in property valuations for tax year 2009, the board did not certify a transcript showing the filing of the complaint. Nor can the taxpayer produce a file-stamped copy of the complaint. The burden of proof on the issue of filing is upon the property owner

as the proponent of jurisdiction. Because the property owner failed to show proof of filing of the complaint, the Board of Tax Appeals ("BTA") did not act unreasonably or unlawfully in vacating the orders of the board of revision and restoring the auditor's valuations. We therefore affirm the decision of the BTA.

## I. Case Background

{¶ 2} The property owner, L.J. Smith, Inc. ("Smith"), prosecuted an appeal to the BTA from two orders of the Harrison County Board of Revision ("BOR") that purported to determine the value of two of Smith's parcels. Although the BOR decisions do not actually state the tax year for which value was being determined, three circumstances confirm that 2009 is the tax year: the complaint allegedly was filed in March 2010, the only alleged copy of the complaint in evidence challenges the valuation for tax year 2009, and the notice of appeal to the BTA states that tax year 2009 is at issue.

{¶ 3} There is no transcript of proceedings before the BOR. Because no official record exists, the only evidence that the complaint was ever filed arises from three affidavits presented at the BTA. Debra Henry, the treasurer of the Conotton Valley Union Local School District Board of Education, submitted her affidavit with the school board's motion to dismiss at the BTA. The county auditor's affidavit was filed with the school board's reply brief in support of dismissal. And Smith's chief financial officer, Amy Guy, filed an affidavit on behalf of the property owner.

*The Debra Henry Affidavit*

{¶ 4} According to Henry, "an informal meeting was held at the request of the Auditor to discuss reducing the value of the Property" on November 4, 2010. Henry attended the meeting along with a school board attorney, the C.F.O. of Smith, and the county auditor. According to Henry, "[a]t no time * * * did the parties reach an agreement regarding the value of the Property."

**{¶ 5}** Henry also testified that "L.J. Smith never filed a formal complaint with the Auditor or the BOR seeking to reduce the value of the Property" and added that "[e]ven if such a complaint was filed, the BOR never notified the Board of Education of this." Finally, she stated that "[t]he BOR never held a formal hearing to decide L.J. Smith's request to reduce the value of the Property," and in any event, "the BOR never notified the Board of Education" of any such hearing.

*The Allegedly Filed Complaint*

**{¶ 6}** A copy of the valuation complaint that Smith allegedly filed at the BOR was attached to Smith's memorandum responding to the motion to dismiss. The complaint challenges the valuation for tax year 2009 based on an "independent professional appraisal." A letter from the appraiser to Smith's C.F.O. is also attached to Smith's brief. But the complaint has no date stamp, and none of the affidavits verifies that the complaint was physically delivered or mailed to the BOR.

*The County Auditor's Affidavit*

**{¶ 7}** The school board's reply brief presented the affidavit of Patrick Moore, the auditor of Harrison County. The auditor stated that the complaint (attached first to Smith's brief and also to the auditor's affidavit) "was never filed with [his] office."

**{¶ 8}** The auditor's affidavit does not recite that he searched the BOR's records and failed to find a complaint. Instead, it confines itself to the issue of whether the particular complaint attached to Smith's memorandum had been filed and states that it had not.[1] If believed, the auditor's testimony leaves open the

---

[1] The BTA stated that the auditor's affidavit "aver[red] that the appellant never filed a complaint contesting the valuation of the subject properties." BTA No. 2011-W-611, 2013 WL 2152057, *1 (May 9, 2013). But the auditor did not actually say that no complaint had been filed; instead, he attached the filled-out complaint form that Smith had attached to its brief and stated that the complaint "that is attached hereto * * * was never filed with my office." Although by itself the

possibility that a complaint different from the one attached to his affidavit may have been filed.

*The Affidavit of Amy Guy, Smith's C.F.O.*

{¶ 9}   Smith's C.F.O., Amy Guy, offered an affidavit that contradicted the auditor's.  Guy's affidavit states that "[o]n or about March 18, 2010," she "filed two complaints against the valuation of real property on behalf of L.J. Smith, Inc."  No complaint is actually attached to and verified by the affidavit.

{¶ 10} A copy of a transmittal letter is attached and is addressed to the auditor and dated March 18, 2010.  This is the cover letter that Guy allegedly sent with the complaints that she signed.  Although not expressly stated by the affidavit, this letter implies that the complaints were sent by mail or other delivery service. [2]

{¶ 11} Guy did not testify that the letter and complaints were physically delivered or actually mailed.  She did state, "After sending the attached letter, I did not receive it back as being undeliverable or unclaimed."  Thus, by implication, Guy sent the letter either by mail or other means of delivery.  But no implication arises that the complaint itself was mailed—she did not mention the complaint, and perhaps most tellingly, no complaint is attached to Guy's affidavit.

{¶ 12} Guy's affidavit details her contacts with the auditor's office about other property not at issue in this appeal.  Then it corroborates the statement in the Henry affidavit that a meeting took place on November 4, 2010, in the present matter with both the school board and Smith being represented.  According to Guy, the auditor later told her that he had arrived at a new value for the property that was not the appraiser's valuation.  In response to interrogatories submitted

auditor's affidavit does not establish that the complaint was not filed, it is part of a record in which the fact of filing was challenged and in which Smith failed to demonstrate that filing had occurred.

[2] The date of the cover letter is March 18.  No complaint was attached to the Guy affidavit, but the complaint attached to Smith's memorandum was not notarized until March 19.

during the appeal to the BTA, the auditor stated that he believed that an agreement had been reached between Smith and the school board. Both the school board and the owner, however, deny that there was an agreement. Guy stated that she received the BOR's determinations in March 2011.

*Course of Proceedings*

{¶ 13} On March 15, 2011, the BOR issued the two orders from which Smith appealed to the BTA. Each order was characterized as a "final appealable order" and recited that it complied with R.C. 5715.20. The orders identified the contested parcels and reduced their aggregate value from $4,541,590 to $3,479,050—presumably for tax year 2009, although the tax year is not specified. In addition, the value of one building was apparently shifted from one parcel to the other.

{¶ 14} No hearing was held at the BTA. Instead, the parties presented their positions on the jurisdictional issues through an exchange of motions and memoranda, along with the affidavits previously described.

{¶ 15} The BTA issued its decision on May 9, 2013. It found that "nothing in the record demonstrates that the appellant did, in fact, file a complaint with the board of revision as required by R.C. 5715.19." BTA No. 2011-W-611, 2013 WL 2152057, *2. Noting Smith's assertion that the complaint had been filed, the BTA relied on the absence of a file-stamped copy of the complaint, the auditor's affidavit, and the presumption of regularity to conclude that "the appellant failed to file a complaint seeking reductions to the subject properties' values and, as a consequence, the board of revision lacked jurisdiction to decrease the subject properties' values." *Id.*, *3. Accordingly, the BTA remanded the case to the BOR with instructions to vacate its decision and reinstate the auditor's valuations. Smith has appealed.

## II. Legal Analysis

**{¶ 16}** The question presented concerns the jurisdiction of the BOR. We have plenary authority, unconstrained by the arguments advanced by the parties, to arrive at the correct determination of such an issue. *Crown Communication, Inc. v. Testa*, 136 Ohio St.3d 209, 2013-Ohio-3126, 992 N.E.2d 1135, ¶ 27. Moreover, an issue of the jurisdiction of the tax tribunals typically presents a question of law that the court determines de novo. *See Abraitis v. Testa,* 137 Ohio St.3d 285, 2013-Ohio-4725, 998 N.E.2d 1149, ¶ 17, citing *Toledo v. Levin*, 117 Ohio St.3d 373, 2008-Ohio-1119, 884 N.E.2d 31, ¶ 26, and *Akron Centre Plaza, L.L.C. v. Summit Cty. Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 10.

**{¶ 17}** No one disputes that a failure to file a complaint would mean that the BOR lacked jurisdiction. The statutes and case law do not afford any basis for contending that filing the complaint is not a jurisdictional requirement. *See* R.C. 5715.13 (no decrease in valuation may be ordered unless the party authorized to file a complaint "makes and files with the [BOR] a written application therefor, verified by oath, showing the facts upon which it is claimed such decrease should be made"), 5715.19(A) (authorizing the filing of a valuation complaint for a tax year on or before March 31 of the ensuing year), 5715.19(C) (calling for the BOR to issue its "decision on a complaint" within 90 days), and 5715.20(A) (specifying procedure when the BOR issues a "decision on a complaint") and *Akron Centre Plaza*, ¶ 10 (stating that R.C. 5715.19 sets forth jurisdictional prerequisites to a board of revision's review of the auditor's determinations).

*Smith's Burden of Proof*

**{¶ 18}** It is elemental that when the jurisdiction of an administrative tribunal such as the BOR is challenged, " 'the party claiming jurisdiction bears the burden of demonstrating that the court has jurisdiction over the subject matter.' " *Marysville Exempted Village School Dist. Bd. of Edn. v. Union Cty. Bd. of*

*Revision*, 136 Ohio St.3d 146, 2013-Ohio-3077, 991 N.E.2d 1134, ¶ 10, quoting *Ohio Natl. Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir.1990).

{¶ 19} Ordinarily, a complainant has no difficulty in showing the filing of the complaint. The complainant merely points to the statutory transcript containing the date-stamped complaint that the BOR must certify to the BTA pursuant to R.C. 5717.01. But where, as here, the auditor denies under oath the filing of the complaint and there is no statutory transcript from the BOR, the complainant must shoulder the burden to prove that it indeed did file the complaint.

{¶ 20} In the absence of a statutory transcript, Smith could have proved filing by producing a date-stamped copy of the complaint or certified-mail receipts or receipts from another delivery service that showed actual and timely delivery. But no such evidence has been presented. Instead, Smith's attempt to satisfy this burden consists mainly of the affidavit of Amy Guy, the company's C.F.O. Since this is Smith's only submission with evidentiary force, our determination of jurisdiction depends upon the sufficiency of that affidavit.

*Sufficiency of the Guy Affidavit*

{¶ 21} The starting point is the legal meaning of "filed" for filing valuation complaints under R.C. 5715.19. The "generally accepted sense" of the word ""filed" "implies actual rather than constructive delivery * * * into the official custody and control" of the relevant official. *Fulton v. State ex rel. Gen. Motors Corp.*, 130 Ohio St. 494, 497, 200 N.E.2d 636 (1936). This rule has been acknowledged as applying to valuation complaints under R.C. 5715.19. *Elkem Metals Co., L.P. v. Washington Cty. Bd. of Revision*, 81 Ohio St.3d 683, 687, 693 N.E.2d 276 (1998). We rejected the idea that filing was accomplished by placing a claim in the mails before the deadline. *Fulton* at 496. *Accord Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 204, 389 N.E.2d 1113 (1979) ("the act of depositing the notice in the mail, in itself, does not constitute a 'filing,' at

least where the notice is not received until after the expiration of the prescribed time limit").

**{¶ 22}** Statutes that provide for filing documents require physical delivery to the official or agency, unless the statute at issue states a mailbox rule that deems the claim filed when mailed. *See Gasper Twp. Bd. of Trustees v. Preble Cty. Budget Comm.*, 119 Ohio St.3d 166, 2008-Ohio-3322, 893 N.E.2d 136, ¶ 8, 10 (the statute allowed certified-mail filing to be deemed complete on the postmark date of the sender's receipt). Of course, even in the absence of a mailbox rule, a complaint can be filed by mail—but to show filing requires showing that the mailed complaint physically arrived at the relevant office before the deadline, which in this case was March 31, 2010.

**{¶ 23}** The BTA did not err by regarding the Guy affidavit as not probative of actual filing, because the affidavit simply fails to show unequivocally that the complaint was physically delivered to the BOR.

**{¶ 24}** Guy testifies that "[o]n or about March 18, 2010," she "filed two complaints against the valuation of real property on behalf of L.J. Smith, Inc." But her use of the word "filed" is made ambiguous by the rest of her affidavit by its reference to the attached "transmittal letter" and its statement that "[a]fter sending the attached letter, I did not receive it back as being undeliverable or unclaimed." If she had unequivocally stated that she put *the complaint* in the mail on March 18, and if other evidence showed that the complaint eventually arrived at the BOR, our case law might well presume timely delivery at the BOR. *See Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d at 205, 389 N.E.2d 1113. But Guy says that she "filed" it, and did so "on or about" March 18, not "on March 18."

**{¶ 25}** The ultimate fact of filing, however, is a legal conclusion derived as an inference from the basic facts. Here, the basic facts relevant to whether the complaint was filed are its physical delivery at the BOR or its being put in the

mail. The Guy affidavit should have supplied basic facts necessary to infer that the complaint was duly filed. But her allegations in the affidavit do not furnish the factual basis for that conclusion.

{¶ 26} It follows that the BTA acted reasonably and lawfully in deeming the evidence of filing to be insufficient and in vacating the BOR order.

*The Presumption of Regularity*

{¶ 27} Although its conclusion was justified, the BTA erroneously relied on the presumption of regularity—that public officers have properly performed their duties—in giving preference to the auditor's affidavit over Guy's affidavit. It is true that a "presumption of regularity * * * attaches to official actions." *Gaston v. Medina Cty. Bd. of Revision*, 133 Ohio St.3d 18, 2012-Ohio-3872, 975 N.E.2d 941, ¶ 16, citing *Toledo v. Levin*, 117 Ohio St.3d 373, 2008-Ohio-1119, 884 N.E.2d 31, ¶ 28. For two reasons, however, the presumption of regularity does not attach to the auditor's affidavit here.

{¶ 28} First, the presumption of regularity applies to official actions pursuant to the official's ordinary duties of office. Submitting testimony in litigation does not fall within the ordinary duties of office, and therefore the presumption should not be applied—in any event, none of the five cases the BTA cites provides authority for applying the presumption in that context.[3]

{¶ 29} Second, the record rebuts the presumption of regularity with respect to the BOR's and the auditor's actions. The BOR failed its duty to certify a transcript of its proceedings to the BTA once an appeal had been perfected at the BTA. R.C. 5717.01 provides, "The county board of revision shall thereupon certify to the board of tax appeals a transcript of the record of the proceedings of the county board of revision pertaining to the original complaint, and all evidence

---

[3] The one case cited by the BTA that does address the testimony of a public official notably does not invoke the presumption of regularity and holds under the circumstances against reliance on the public official's testimony. *Consol. Freightways, Inc. v. Summit Cty. Bd. of Revision*, 21 Ohio St.3d 17, 20, 487 N.E.2d 296 (1986).

offered in connection therewith." The BOR also failed to comply with a specific order entered by the BTA on February 25, 2013, to produce a transcript. The BOR transcript would ordinarily contain the complaint and show that it had been filed, thereby obviating the problem arising here.

{¶ 30} The BOR's default of its legal duty is coupled with the actions of the auditor. Under R.C. 5715.02, the auditor is a member of the BOR, and under R.C. 5715.09, he is its secretary. He was informed of the jurisdictional issue and gave limited affidavit testimony in favor of the school board but failed to make a definitive statement concerning the integrity of the proceedings and whether, in fact, a complaint had been filed.

{¶ 31} Having a record of the filed complaint is significant in establishing not only whether the complaint was actually filed but also whether other statutory requirements were met. For example, a complaint must state the amount of value so that the auditor may determine whether a board of education must be notified. R.C. 5715.19(B) (auditor to give notice when amount of overvaluation or undervaluation is $17,500 or greater). In this case, the complaint attached to Smith's memorandum opposing dismissal before the BTA shows that notice would have had to be given, but because the BOR did not certify a transcript, we do not know whether that duty was satisfied.

{¶ 32} Finally, upon the filing of a complaint, the BOR would ordinarily schedule a formal hearing through certified-mail notice to the parties. R.C. 5715.19(C). That notice also is a jurisdictional prerequisite. *See Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bd. of Revision*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, ¶ 18, 20. Without a transcript of the BOR's proceedings, we cannot be sure that notice was given. In short, these proceedings cannot be deemed to have been regular.

### III. Conclusion

{¶ 33} We hold that the presumption of regularity was rebutted by the BOR's failure to certify a transcript under these circumstances. It follows that the BTA should not have relied on that presumption. Nonetheless, for the alternative reasons stated, we hold that the BTA's conclusion was reasonable and lawful, and therefore we affirm the order.

Decision affirmed.

O'CONNOR, C.J., and FRENCH and O'NEILL, JJ., concur.

O'DONNELL, J., concurs in judgment only.

PFEIFER and KENNEDY, JJ., dissent.

_____

**KENNEDY, J.**, **dissenting.**

{¶ 34} For reasons described by the majority, this case turns on the proper allocation of the burden of proof. The majority emphasizes the burden on L.J. Smith, Inc. ("Smith") as the complainant to demonstrate that the Harrison County Board of Revision ("BOR") obtained jurisdiction through the proper filing of a complaint by Smith. It also regards the presumption of regularity to have been rebutted. Because the majority focuses on the proponent's burden to show jurisdiction, it concludes that it must affirm the BTA's finding and reject Smith's appeal. I respectfully dissent.

{¶ 35} In my view, the majority's analysis fails to devote adequate scrutiny to one particular aspect of the presumption of regularity: the quite natural presumption that *a complaint was indeed filed* that arises by virtue of the BOR's having issued two orders declaring themselves to be decisions "on the * * * complaint." As the majority notes, under our case law a "presumption of regularity * * * attaches to official actions." *Gaston v. Medina Cty. Bd. of Revision*, 133 Ohio St.3d 18, 2012-Ohio-3872, 975 N.E.2d 941, ¶ 16, citing *Toledo v. Levin*, 117 Ohio St.3d 373, 2008-Ohio-1119, 884 N.E.2d 31, ¶ 28.

Quite simply, "in the absence of evidence to the contrary, public officers * * * within the limits of the jurisdiction conferred by law, will be presumed to have properly performed their duties and not to have acted illegally but regularly and in a lawful manner." *State ex rel. Shafer v. Ohio Turnpike Comm*., 159 Ohio St. 581, 590, 113 N.E.2d 14 (1953); *see also Wheeling Steel Corp. v. Evatt*, 143 Ohio St. 71, 54 N.E.2d 132 (1944), paragraph seven of the syllabus (same). In this case, the issuance of the BOR's orders raised a strong presumption that Smith had indeed filed its complaint, and Smith may rely on that presumption unless the presumption itself has been rebutted. Accordingly, the issue as I see it lies in whether the evidence in the record rebuts that presumption; in my view, it does not.

{¶ 36} The majority correctly observes that the BOR defaulted on its statutory duty to certify a transcript to the BTA and that that transcript would usually show the filing of the complaint. Unlike the majority, however, I am not willing to conclude that the BOR's failure to certify the transcript throws the burden fully back onto Smith to prove the filing of the complaint. The BOR's manifest failure to comply with its statutory duties does not rebut the very strong presumption that the BOR orders do in fact relate to a complaint that was actually filed with, and considered by, the BOR.

{¶ 37} The majority also faults Smith for not submitting a date-stamped copy of the complaint or mail receipts evidencing receipt of the complaint by the BOR. I do not share the majority's concern about the state of the record in this regard, because I believe that the burden on Smith was a lesser one than that imposed by the majority.

{¶ 38} Smith proffered the complaint that it said had been filed. Once the auditor, by terse and conclusory affidavit, denied that that complaint had been filed, Smith acquired the burden of going forward by presenting additional evidence. It discharged that burden by submitting the Guy affidavit, having

previously submitted a copy of the complaint, which was notarized on March 19, 2010. Although the Guy affidavit is not as detailed as it ideally ought to be, the affidavit is sufficient to prevent the auditor's affidavit from rebutting the presumption that a complaint was filed.

{¶ 39} We must bear in mind that the auditor is the BOR's secretary under R.C. 5715.09 and is required to "keep an accurate record of the proceedings of the board." Yet the auditor failed to submit a transcript to the BTA (or a statement that no transcript existed), and he also failed to certify in his affidavit that he had searched the BOR's records for a complaint. Moreover, if no complaint was in fact filed, the auditor committed a grave statutory error by causing BOR decisions to be issued. I would decline to subject Smith to adverse consequences on account of the auditor's failure to carry out his statutory duties properly.

{¶ 40} Accordingly, I conclude that there has been no rebuttal of the presumptive filing of the complaint. My conclusion is bolstered by the brief filed by the auditor and the BOR before this court: the brief does not offer support for the BTA's conclusion that no complaint was filed, but instead asserts that "the true question before this Court is one of procedural due process." Thus, the county embraces Smith's preferred solution of remanding for a proper hearing.

{¶ 41} For the foregoing reasons, I would hold that the presumptive filing of the complaint has not been rebutted on this record. I would reverse the BTA's decision and remand to the BOR, with the instruction that the case proceed under the complaint that was submitted in these proceedings. On remand, the BOR would give all the proper notices and hold a statutory hearing on the merits of Smith's complaint.

{¶ 42} I respectfully dissent from the majority's contrary judgment.

PFEIFER, J., concurs in the foregoing opinion.

_____

Kyler, Pringle, Lundholm & Durmann, L.P.A., and J. Kevin Lundholm, for appellant.

Pepple & Waggoner, Ltd., and Thomas C. Holmes, for appellee Conotton Valley Union Local School District Board of Education.

Michael B. Washington, Harrison County Prosecuting Attorney, for appellees Harrison County auditor and Harrison County Board of Revision.

_____