[Cite as *State v. Gilbert*, 2016-Ohio-5539.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2015-CA-117 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-524 |
| | : | |
| DENNIS GILBERT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of August, 2016.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

ADRIAN KING, Atty. Reg. No. 0081882, P. O. Box 302, Xenia, Ohio 45385
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Dennis Gilbert, appeals from the sentence he received in the Clark County Court of Common Pleas for violating post-release control. Gilbert contends that in sentencing him for the violation, the trial court misapplied the requirements set forth in R.C. 2929.141(A) by treating the maximum possible prison term as a mandatory sentence. For the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2} On October 13, 2015, Gilbert was indicted on two counts of forgery and one count of theft with a specification that the victim was an elderly or disabled adult. The charges stemmed from Gilbert allegedly stealing checks from the victim, forging the victim's signature, and then attempting to cash the checks for various amounts at the Security National Bank in Clark County, Ohio.

{¶ 3} Following his indictment, Gilbert entered a plea agreement in which he agreed to plead guilty to one count of forgery in exchange for the dismissal of the remaining charges. At the time of his offense, Gilbert was on post-release control for a prior felony conviction committed in Clark County Case Nos. 2012-CR-156 and 2012-CR-167. During the plea hearing, Gilbert admitted that he was on post-release control and the trial court thereafter advised Gilbert that the court, at sentencing, "could impose an additional penalty upon [him] as a result of violating post-release control." Plea Trans. (Nov. 5, 2015), p. 7.

{¶ 4} At the sentencing hearing, the trial court stated that it had considered the pre-sentence investigation report, which indicates that Gilbert has a high risk of recidivism per the Ohio Risk Assessment System. The trial court also considered that Gilbert has

served eight prior prison terms for breaking and entering, receiving stolen property, burglary, and domestic violence. In addition, the trial court considered the short time lapse between Gilbert's date of release from his most recent imprisonment and the date of the forgery offense. Following these considerations, the trial court imposed a 12-month prison term and $380 in restitution for the forgery offense.

{¶ 5} After imposing the forgery sentence, the trial court advised Gilbert that it would also impose a sanction for his post-release control violation. The trial court noted that Gilbert had been placed on five years of post-release control on August 23, 2015, and that he had four years, eight months and twenty-four days remaining. The trial court stated that since it was choosing to impose a sanction for the violation, it "[didn't] think it [had] any choice but to order that [Gilbert] be sentenced to the amount of time [he had] remaining on post-release control or one year, whichever is greater, and that that time be consecutive to the [forgery] sentence[.]" Disposition Trans. (Nov. 30, 2015), p. 7. Accordingly, the trial court revoked Gilbert's post-release control in Cases No. 2012-CR-156 and No. 2012-CR-167 and ordered him to serve the remaining time on his post-release control in prison consecutively to the 12 months imposed for the forgery offense.

{¶ 6} Gilbert now appeals from the sentence he received for violating his post-release control, raising the following single assignment of error for review:

WHEN THE COURT SENTENCED MR. GILBERT, THE COURT ERRED WHEN IT TREATED THE MAXIMUM SENTENCE FOR A PAROLE VIOLATION (NEW FELONY) AS REQUIRED BY LAW.

{¶ 7} Under his sole assignment of error, Gilbert asserts that the trial court improperly deferred to the maximum prison sentence provided for in R.C. 2929.141 when

sentencing him for the post-release control violation. Gilbert claims that the trial court had discretion to impose a prison sentence that was equal to or shorter than the maximum term defined in the statute because the statute defines only the maximum term and is mute on lesser sentences. Therefore, Gilbert essentially contends that the trial court incorrectly treated the maximum prison term in R.C. 2929.141 as a mandatory sentence. In support of this claim, Gilbert points to the trial court's statement that upon choosing to impose a sanction it "[didn't] think it [had] any choice but to order that [Gilbert] be sentenced to the amount of time [he had] remaining on post-release control or one year, whichever is greater[.]"

{¶ 8} R.C. 2929.141 provides, in relevant part, as follows:

(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court *may* do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. *The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony.* In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control

sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

(Emphasis added.) R.C. 2929.141(A)(1).

{¶ 9} Under R.C. 2929.141(A)(1), a trial court is authorized to terminate post-release control and impose a sentence representing the time remaining on his term of post-release control. *State v. Barron*, 2d Dist. Montgomery No. 25059, 2012-Ohio-5787, ¶ 16. Only the trial court itself may make the decision to sentence for a post-release control violation. *State v. Branham*, 2d Dist. Clark No. 2013-CA-49, 2014-Ohio-5067. Once the court decides to impose a sentence for such a violation, it is bound by R.C. 2929.141 when determining the time to be served. *Id.* The court is not required by the statute to make any findings prior to terminating post-release control. *Barron* at ¶ 16. The court also is not required to explain or justify why it has elected to impose a prison sentence for the violation. *Id.*

{¶ 10} The Supreme Court of Ohio recently held that pursuant to the plain language of R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, Ohio Sup. Ct. Slip Opinion No. 2016-Ohio-1002, ¶ 1. In addition, the court explained that "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence."

*Id.*, at ¶ 7.

{¶ **11**} A sentence for a post-release control violation is not contrary to law so long as it comports with the requirements of R.C. 2929.141. *State v. Lehman*, 2d Dist. Champaign No. 2014-CA-17, 2015-Ohio-1979, ¶ 17. However, a sentence is clearly and convincingly contrary to law if the trial court misreads an applicable statute to incorrectly conclude that a prison term is mandatory. *See State v. Duka*, 11th Dist. Lake No. 2012-L-106, 2013-Ohio-4548, ¶ 12.

{¶ **12**} In this case, the prison sentence imposed by the trial court for Gilbert's post-release control violation is expressly authorized by R.C. 2929.141. While Gilbert is correct that the language of R.C. 2929.141 does not provide for a mandatory prison term, his claim that the trial court misinterpreted the statute to provide for a mandatory prison term is mere speculation. Under the specific circumstances of this case, the trial court's statement at the sentencing hearing that it "had no choice" but to impose the remainder of the post-release control as the prison term can be interpreted to mean that the trial court knew it had discretion to determine the prison term, but felt, given Gilbert's extensive criminal history, that it had no choice but to impose the maximum sentence. In fact, the trial court's understanding of its discretion in sentencing Gilbert under R.C. 2929.141 is demonstrated by the trial court's statement at the plea hearing that it "*could* impose an additional penalty upon [him] as a result of violating post-release control." (Emphasis added.) Plea Trans. (Nov. 5, 2015), p. 7. Regardless, it is a well-settled rule of law that we presume the regularity of the proceedings below and the validity of the trial court's judgment. *Beach v. Sweeney*, 167 Ohio St. 477, 150 N.E.2d 42 (1958). Accordingly, given the ambiguity in the record as to the statement at issue, we presume regularity, i.e.,

that the trial court correctly interpreted R.C. 2929.141 when sentencing Gilbert.

{¶ 13} Since the prison sentence imposed by the trial court for Gilbert's post-release control violation is expressly authorized by R.C. 2929.141, the sentence is not clearly and convincingly contrary to law. Accordingly, this court may vacate the sentence and remand the matter for resentencing only if there is clear and convincing evidence that the record does not support the sentence imposed by the trial court. We cannot say that is the case here, as there is no evidence that the record does not support the sentence. We again note that Gilbert has an extensive criminal history, a high risk of recidivism, and that he committed his most recent offense just over a month after he was released from prison.

{¶ 14} Because we presume the regularity of the lower court's judgment, and because Gilbert's sentence for violating post-release control is not clearly and convincingly contrary to law and there is no clear and convincing evidence that the record does not support the sentence, Gilbert's sentence must stand. Therefore, Gilbert's sole assignment of error is overruled and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, J. concurs.

FROELICH, J., dissenting.

{¶ 15} Pursuant to R.C. 2929.141(A)(1), the trial court was authorized to terminate Gilbert's post-release control and impose a maximum sentence of one year or the time remaining of his post-release control, whichever was greater. However, R.C. 2929.141(A)(1) does not *require* the trial court to impose *any* sentence, let alone the

maximum sentence, for a post-release control violation, leaving the trial court with discretion to determine the appropriate sentence for the violation.

{¶ 16} Upon sentencing Gilbert for his post-release control violation, the trial court stated that it "[didn't] think it [had] any choice but to order that [Gilbert] be sentenced to the amount of time [he had] remaining on post-release control or one year, whichever is greater, and that that time be consecutive to the [forgery] sentence[.]"  On its face, the phrase "I don't think it [the court] has any choice" indicates that the trial court did not exercise the discretion that R.C. 2929.141 conferred, and that Gilbert may have been sentenced to a term of imprisonment that was longer than the trial court, upon the exercise of its discretion, might have imposed.

{¶ 17} As the majority concludes, the trial court might have understood that it had discretion to determine a sentence for the post-release control violation, yet found that Gilbert's new offenses and criminal history "left it no choice," in its discretion, but to impose the maximum sentence.  In affirming the trial court's judgment, the majority stated that it presumes the regularity of the trial court proceedings and, based on that doctrine, accepted this alternative interpretation of the trial court's statements.

{¶ 18} Under the presumption of regularity, a court "presume[s] that a public official means what he says and that he [or she] is duly performing the function that the law calls upon him [or her] to perform."  *Westerville City Schools Bd. Of Edn. v. Franklin Cty. Bd. Of Revision*, Ohio Sup. Ct. Slip Opinion No. 2016-Ohio-1506, ¶ 57, quoting *Toledo v. Levin*, 117 Ohio St.3d 373, 2008-Ohio-1119, 884 N.E.2d 31, ¶ 28; *see also L.J. Smith, Inc. v. Harrison Cty. Bd. of Revision*, 140 Ohio St.3d 114, 2014-Ohio-2872, 16 N.E.3d 573, ¶ 27.

{¶ 19} "A presumption of regularity attaches to all judicial proceedings." *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 19. Courts have generally employed the presumption of regularity in the absence of a record of the judicial proceeding or of the relevant portion of the judicial proceeding. Appellate courts presume that the lower courts "predicated their merits rulings upon a proper jurisdictional basis." *AERC Saw Mill Village, Inc. v. Franklin Cty. Bd. Of Revision*, 127 Ohio St.3d 44, 2010-Ohio-4468, 936 N.E.2d 472, ¶ 14.

{¶ 20} Here, the issue is not the absence of a record or a silent record on the relevant ruling. Rather, the issue is the trial court's express statement that it "[didn't] think it [had] any choice" but to impose the maximum sentence. "Discretion" means "the power or right to decide or act according to one's own judgment; freedom of judgment or choice." www. dictionary. com /browse/ discretion (accessed Aug. 11, 2016). The record here says, literally, that the court believed it had no freedom of choice.

{¶ 21} To construe the trial court's language to mean that Gilbert's poor criminal record did not give the trial court any meaningful choice as to his sentence would require us to speculate about the trial court's intent and to ignore the plain meaning of the trial court's clear statement. Accordingly, I would reverse the trial court's sentence on Gilbert's post-release control violation and remand for resentencing on that violation.

. . . . . . . . . . . . .

Copies mailed to:

Megan M. Farley
Adrian King
Hon. Douglas M. Rastatter