[Cite as *State ex rel. Hutch v. Village of Bolivar*, 2018-Ohio-3460.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO EX REL., | : | JUDGES: |
| IRVIN W. HUTH | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| Relator-Appellant | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| -vs- | : | |
| | : | |
| VILLAGE OF BOLIVAR | : | Case No. 2018 AP 03 0013 |
| | : | |
| Respondent-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Court of Common Pleas, Case No. 2016 CV 05 0320

JUDGMENT: Affirmed

DATE OF JUDGMENT: August 27, 2018

APPEARANCES:

For Relator-Appellant

MICHELA HUTH
P. O. Box 17
Bolivar, OH 44612

For Respondent-Appellee

JOHN T.McLANDRICH
FRANK H. SCIALDONE
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139

*Wise, Earle, J.*

{¶ 1}   Relator-appellant Irvin W. Huth appeals the judgment of the Tuscarawas County Court of Common Pleas judgment, after a bench trial, in favor of respondent-appellee Village of Bolivar.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   During the time relevant to this matter, the Village of Bolivar Village Council, a public body, was comprised of Lisa Cochran, Robert Lloyd, Craig Slutz, Mary Vincent, Andrew Marburger, and Timothy Lang (Village Council). The Village of Bolivar is an Ohio municipal corporation subject to the Ohio Open Meetings Act (OMA).

{¶ 3}   In the spring of 2014, Lake Region Development Co., Ltd. offered to settle litigation it had pending with the Village of Bolivar. A proposed settlement was drafted between the parties, and became the subject of Ordinance No. O-94-2014.

{¶ 4}   On May 18, 2014 Village Council published a legal notice in the Times Reporter, a local newspaper, which stated:

> The Village Council for the Village of Bolivar will hold a special session of Council on May 19, 2014 at 6:30 p.m. The purpose of this meeting will be for consideration of a settlement offer in the case of Lake Region Development Co., Ltd. v. Village of Bolivar. Council will discuss this pending litigation matter in executive session, but will take action in the public portion of the meeting. This meeting will be held in the Bolivar Village Hall at 109 N. Canal St., Bolivar, Ohio.

{¶ 5}   The meeting took place as scheduled and was called to order by Rebecca Hubble, the mayor of Bolivar. Hubble stated Village Council would go to executive session. Appellant asked Hubble if the public would be permitted to speak after executive session. Hubble advised that the general consensus was no, but that she would let council make that decision after executive session. Appellant's attorney Michela Huth also attended the meeting, and asked Village Council what it was going to discuss during executive session. Jillian Daisher, an attorney for the council advised council would be discussing the pending litigation. No Village Council member, nor the mayor addressed the question. Despite being advised Council would not be taking any further questions, appellant's attorney and appellant continued to interrupt.

{¶ 6}   Council member Slutz moved to go into executive session and was again interrupted by appellant's attorney. Slutz did not state the purpose of the executive session. Council member Lloyd seconded the motion as appellant's attorney continued to speak over the Council Members. In a roll call vote all members voted yes to go into executive session. All members of the public, with the exception of Bolivar Village Council's two attorneys, Daisher and Tami Hannon, left the room.

{¶ 7}   Following executive session, after the public reentered the room, Mayor Hubble announced "Public Speaks" would be allowed. Attorney Hannon then described the settlement agreement followed by questions and comments from the public, including appellant.

{¶ 8}   At the close of public discussion of the settlement, Council Member Slutz moved to suspend the rules and pass Ordinance No. O-94-2014 as an emergency. Council person Mary Vincent seconded the motion to suspend the rules. Slutz then made

a motion to pass the ordinance that night and Lang seconded the motion. In a roll call vote, the ordinance passed by a vote of 5-1.

{¶ 9}   On May 18, 2016, appellant filed a Verified Complaint in Mandamus and for Injunction which set forth six causes of action, alleging that Village Council had violated the OMA, specifically, R.C. 121.22(A), (B), (C), (G), and (H). Appellant's complaint alleged Village Council had procedurally violated the OMA as to whether the public would be permitted to speak, and the manner in which it went to executive session. Appellant attached to his complaint a video he had taken of the May 19, 2014 special meeting which was taken before Village Council went into executive session.

{¶ 10} A bench trial was held on October 17, 2017. The parties stipulated to the admission of all of appellant and appellee's exhibits, with the exception of appellant's exhibits 2a and 2b, which the trial court excluded. Exhibit 2a was a copy of police report, and 2b was a signed statement from Councilperson Lisa Cochran, which was attached to the police report. The statement detailed activities taking place in the executive session while the Village Council discussed the proposed settlement with its attorneys.

{¶ 11} The parties submitted trial briefs. Thereafter, on March 6, 2018, the trial court entered judgment in favor of appellee, dismissing each count of appellant's complaint.

{¶ 12} Appellant filed an appeal and the matter is now before this court for consideration.

I

{¶ 13} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT CONCLUDED 'ALL PORTIONS OF EXHIBITS 2A AND 2B THAT CONTAIN

STATEMENTS PROTECTED BY THE EXECUTIVE SESSION PRIVILEGE AND THE ATTORNEY-CLIENT PRIVILEGE, INCLUDING LISA COCHRAN'S STATEMENTS REGARDING WHAT HAPPENED DURING THE EXECUTIVE SESSION, SHALL NOT BE ADMITTED AS EVIDENCE IN THIS MATTER'."

II

{¶ 14} "THE TRIAL COURT ERRED AND ABUSED IT DISCRETION, WHEN IT DISMISSED WITH PREJUDICE COUNT ONE OF RELATOR'S COMPLAINT, AND FOUND THAT BOLIVAR DID NOT VIOLATE R.C. 121.22(G) BECAUSE '[W]HILE THE REQUIRED PURPOSE OF THE EXECUTIVE SESSION WAS NOT STATED BY A VILLAGE COUNCIL MEMBER AS PART OF THE MOTION ITSELF, OR THE VOTE ITSELF, THE STATED PURPOSE OF THE EXECUTIVE SESSION WAS STATED IMMEDIATELY PRIOR TO THE MOTION AND VOTE TO ENTER EXECUTIVE SESSION. ADDITIONALLY, THE NOTICE FOR THE SPECIAL MEETING SPECIFICALLY STATED THAT THE PURPOSE OF THE SPECIAL MEETING AND EXECUTIVE SESSION WAS TO DISCUSS PENDING LITIGATION. AS SUCH, THE COURT CONCLUDES THAT THE PUBLIC WAS WELL INFORMED THAT THE PURPOSE OF THE EXECUTIVE SESSION WAS TO CONSIDER THE LAKE REGION DEVELOPMENT CO. LTD. SETTLEMENT WITH THE VILLAGE OF BOLIVAR'."

III

{¶ 15} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION, WHEN IT DISMISSED WITH PREJUDICE COUNT TWO OF RELATOR'S COMPLAINT AND FOUND '[T]HE LACK OF PUBLIC DELIBERATION AND THE ALLEGED EXECUTIVE SESSION DISCUSSION REGARDING PERMITTING PUBLIC SPEAKS IS NOT AN

OPEN MEETING ACTION VIOLATION AS IT DOES NOT CONSTITUTE A FORMAL ACTION, RESOLUTION OR RULE UNDER R.C. 121.22(H)'."

IV

{¶ 16} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DISMISSED WITH PREJUDICE COUNT FOUR OF RELATOR'S COMPLAINT, AND CONCLUDED AND FOUND 'ALLEGED VIOLATION SET FORTH IN COUNT FOUR IS SUBSTANTIALLY THE SAME AS THE VIOLATION ALLEGED IN COUNT TWO. THE COURT LIKEWISE CONCLUDES THAT THE LACK OF PUBLIC DELIBERATION AND THE ALLEGED EXECUTIVE SESSION DISCUSSION REGARDING PERMITTING PUBLIC SPEAKS IN NOT AN OPEN MEETING ACTION VIOLATION AS IT DOES NOT CONSTITUTE A FORMAL ACTION, RESOLUTION OR RULE UNDER R.C. 121.22(H)'."

V

{¶ 17} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DISMISSED WITH PREJUDICE COUNT FIVE OF RELATOR'S COMPLAINT, AND CONCLUDED AND FOUND "THE ALLEGED VIOLATION IN COUNT FIVE IS SUBSTANTIALLY THE SAME AS THE VIOLATIONS ALLEGED IN COUNTS TWO AND FOUR. THE COURT LIKEWISE CONCLUDES THAT THE LACK OF PUBLIC DELIBERATION AND THE ALLEGED EXECUTIVE SESSION DISCUSSION REGARDING PERMITTING PUBLIC SPEAKS IS NOT AN OPEN MEETING ACTION VIOLATION AS IT DOES NOT CONSTITUTE A FORMAL ACTION, RESOLUTION OF RULE UNDER R.C. 121.22(H)."

VI

{¶ 18} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DISMISSED WITH PREJUDICE COUNT THREE OF RELATOR'S COMPLAINT, AND FOUND 'THE PURPOSE OF THE EXECUTIVE SESSION WAS TO DISCUSS PENDING LITIGATION WITH LEGAL COUNSEL. THE SETTLEMENT WITH LAKE REGION DEVELOPMENT CO., LTD., WAS PART OF THAT LITIGATION. THE VILLAGE COUNCIL'S CONSIDERATION AND DISCUSSION OF THAT SETTLEMENT WITH THEIR LEGAL COUNSEL IN EXECUTIVE SESSION WAS APPROPRIATE UNDER 121.22(G)(3)'."

VII

{¶ 19} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DISMISSED WITH PREJUDICE COUNT SIX OF RELATOR'S COMPLAINT, AND FOUND '[I]N LIGHT OF THE COURT'S FACTUAL FINDINGS AND LEGAL CONCLUSIONS LISTED ABOVE, THE COURT CONCLUDES THE INVALIDATION OF ORDINANCE NO. 94-2014 IS NOT WARRANTED'."

ACCELERATED CALENDAR

{¶ 20} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 21} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than

in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 22} This appeal shall be considered in accordance with the aforementioned rules.

{¶ 23} For ease of discussion, we will address some of appellant's assignments of error together and out of order.

II

{¶ 24} Appellant's second assignment of error argues the trial court erred in dismissing count one of his complaint when it found Village Council had substantially complied with the OMA in stating its reason for entering executive session. We disagree.

{¶ 25} On a denial of a writ of mandamus, our standard of review is an abuse of discretion. *State ex rel. River City Capital v. Clermont Cty. Bd. Of Commrs*, 12th Dist. Clermont No. 2010-07-51, 2011-Ohio-4039, ¶ 23. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 26} The OMA states that "[a]ll meetings of any public body are declared to be public meetings open to the public at all times." R.C. 121.22(C). Any formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless (1) the meeting not open to the public was an executive session; (2) the public body utilized the proper procedures to enter into an executive session; and (3) the executive session was for a reason enumerated as one of the exceptions to the

OMA under R.C. 121.22(G). R.C. 121.22(H). A public body can only enter an executive session from a properly held regular or special meeting, and only after a roll call vote of a quorum of the members present. R.C. 121.22(G). To properly hold a special meeting, the public body must follow the required notice procedures. R.C. 121.22(F). Further, "[i]f a public body holds an executive session to consider any of the matters listed in divisions (G)(2) to (8) of this section, the motion and vote to hold that executive session shall state which one or more of the approved matters listed in those divisions are to be considered at the executive session." R.C. 121.22(G)(8)(b).

{¶ 27} "[T]he party asserting a violation of [the OMA] has the ultimate burden to prove [the OMA] was violated (or was threatened to be violated) by a public body." *State ex rel. Hardin v. Clermont Cty. Bd. of Elections*, 12th Dist. Clermont Nos. CA2011-05-045, CA2011-06-047, 2012-Ohio-2569, ¶ 24. "[T]he presumption of regularity applies to official actions pursuant to the official's ordinary duties of office." *L.J. Smith, Inc. v. Harrison Cty. Bd. of Revision*, 140 Ohio St.3d 114, 2014-Ohio-2872, 16 N.E.3d 573, ¶ 28.

{¶ 28} The intent of the OMA, as set forth in R.C. 121.22, is to prevent public bodies from engaging in secret deliberations on public issues with no accountability to the public. *Cincinnati Enquirer v. Cincinnati Bd. of Edn.*, 192 Ohio App.3d 566, 2011-Ohio-703, 949 N.E.2d 1032, ¶ 9 (1st Dist.). Under the OMA, public officials are required "to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law." R.C. 121.22(A).

{¶ 29} After following the procedures outlined above, a public body may discuss certain subject matter privately in an executive session. *Tobacco Use Prevention*

*& Control Found. Bd. of Trustees v. Boyce*, 185 Ohio App.3d 707, 2009-Ohio-6993, 925 N.E.2d 641, ¶ 64 (10th Dist.) The exception relevant here is contained in R.C. 121.22(G)(3): "Conferences with an attorney for the public body that are the subject of pending or imminent court action[.]"

{¶ 30}     In this matter, the notice for the special meeting clearly stated the purpose for both the special meeting and the executive session was to discuss pending litigation with Lake Region Development Co. Ltd. Publisher's affidavit Legal Notice.  At the special meeting, Mayor Hubble notified those present that Village Council would be entering executive session. Appellant's Exhibit 3, Video recording of Special Meeting Pre-Executive Session 00:16-19. An attorney for the Village then stated Council would be entering executive session to discuss pending litigation. *Id.*, 01:25-28. A motion was then made to enter executive session, although the motion itself did not state the reason. *Id.* 01:36. The motion was seconded and a roll call vote to enter executive session then took place. *Id.* 01:41-02:06.

{¶ 31}     First, appellant complains that in reaching its conclusion, the trial court should have relied only on the minutes of the meeting and not appellant's own video of the meeting. We note, however, there are gaps in the minutes of the meeting where the secretary could not discern what was being said because appellant, his attorney, and others were disruptive and speaking out of turn. It is necessary to review both the minutes and the video of the meeting to understand what did or did not take place.

{¶ 32}     Next, following a review of the notice of special meeting, the minutes of the meeting, and the video, we note, as did the trial court, that the public was well informed that the purpose of the executive session was to discuss the pending litigation

and settlement with Lake Region Development Co. Ltd. It is apparent from viewing the videos that everyone present at the meeting was well aware of the reason the meeting was called and the reason for executive session. We have reviewed appellant's arguments and authority in support and find the same unavailing. We conclude the trial court did not abuse its discretion in finding that the intent of R.C. 121.22 was satisfied and the Village of Bolivar did not violate the OMA.

{¶ 33}     The second assignment of error is overruled.

III, IV, V

{¶ 34}     Appellant's third, fourth and fifth assignments of error concern the trial court's resolution of appellant's allegation that Village Council violated R.C. 121.22(H) when it allegedly discussed during executive session whether to allow Public Speaks. According to appellant, the trial court erred when it found discussion regarding permitting public speaks is not an OMA violation. We disagree.

{¶ 35}     R.C. 121.22(H) states:

(H) A resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body. A resolution, rule, or formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in division (G) or (J) of this section and conducted at an executive session held in compliance with this section. A resolution, rule, or formal action adopted in an open

meeting is invalid if the public body that adopted the resolution, rule, or formal action violated division (F) of this section.

{¶ 36}    The trial court took judicial notice of Village of Bolivar Municipal Ordinance #0-84-2014, Article 21.2.1 which provides the procedure for allowing Public Speaks. It states:

> The laws of the State of Ohio do not require that the public be granted an opportunity to speak in a public meeting. All public bodies of the Village of Bolivar have the discretion to allow or not allow public comment at each meeting. The public body shall announce whether or not there will be public comment at the meeting by verbally making an announcement regarding Public Speaks.

{¶ 37}    Decision, March 6, 2018 at 7.

{¶ 38}    Per R.C. 121.22(H), in order for a violation of the OMA to occur, some resolution, rule, or formal action must have been adopted by Village Council after deliberating in a meeting not open to the public. *Cincinnati Enquirer v. Cincinnati Bd. Of Education*, 192 Ohio App.3d 566, 570, 2011-Ohio-703, 949 N.E.2d 1032 (1st Dist.).

{¶ 39}    A public body deliberates "by thoroughly discussing all of the factors involved [in a decision], carefully weighing the positive factors against the negative factors, cautiously considering the ramifications of its proposed action, and gradually arriving at a proper decision which reflects the legislative process." *Theile v. Harris*, 1st

Dist. No. C–860103, 1986 WL 6514 (June 11, 1986). Deliberations involve "more than information-gathering, investigation, or fact-finding," which are essential functions of any board. *Berner v. Woods*, 9th Dist. No. 07CA009132, 2007-Ohio-6207, 2007 WL 4146645, ¶ 17, *Holeski v. Lawrence*, 85 Ohio App.3d 824, 829, 621 N.E.2d 802 (11th Dist. 1993). For example, the act does not prevent board members from participating in question-and-answer sessions with other persons who are not public officials. *Id.* 830.

{¶ 40}    We agree with the trial court's finding that any lack of public deliberation, or alleged discussion during executive session regarding public speaks was not a violation of the OMA because it does not constitute a formal action, resolution or rule pursuant to R.C. 121.22(H). See *Steingass Mechanical v. Warrensville Hts. Bd. of Edn.*, 151 Ohio App.3d 321, 2003-Ohio-28, 784 N.E.2d 118, ¶ 48-49. Rather, the decision is merely administrative. Accordingly, we find no abuse of discretion and overrule appellant's third, fourth, and fifth assignments of error.

VI

{¶ 41}    In his sixth assignment of error, appellant argues the trial court erred in finding the purpose to the executive session was to discuss pending litigation and that the settlement offer by Lake Region Development was part of that litigation. According to appellant, the settlement offer is not an excepted topic for executive session under R.C. 121.22(G) and thus any deliberations surrounding the settlement had to be conducted in an open meeting. Appellant also revisits his complaint that Village Council did not follow proper procedure before entering executive session. We disagree.

{¶ 42}    We have already determined that the trial court did not abuse its discretion in finding Village Council properly entered executive session. As for appellant's

argument regarding discussion in executive session regarding the proposed settlement, the Eighth District, in a matter regarding the discoverability of a settlement agreement under public records provisions found:

> While R.C. 121.22(G)(3) permits a governmental body to privately discuss litigation, the statute expressly invalidates any resolution, rule or formal action adopted in the closed session unless the resolution, rule or formal action is adopted in an open meeting. See R.C. 121.22(H). Thus, once a conclusion is reached regarding pending or imminent litigation, the conclusion is to be made public, even though the deliberations leading to the conclusion were private. Since a settlement agreement contains the result of the bargaining process rather than revealing the details of the negotiations which led to the result, R.C. 121.22(G)(3), which exempts from public view only the conferences themselves, would not exempt a settlement agreement from disclosure.

{¶ 43}    *State ex rel. Kinsley v. Berea Bd. of Edn.* 64 Ohio App.3d 659, 664, 582 N.E.2d 653 (1990); accord *State ex rel. Findlay Publ'g Co. v. Hancock Cty. Bd. of Commrs.*, 80 Ohio St.3d 134, 136, 684 N.E.2d 1222 (1997)

{¶ 44}    Thus R.C. 121.22(G)(3) permits a public body to discuss and deliberate on pending litigation, including a settlement agreement or offer in executive

session as long as any action taken on the matter is adopted in an open meeting. That is exactly what took place here. We therefore reject appellant's argument.

{¶ 45}   Appellant further argues, under the same assignment of error that Council could not discuss the settlement offer in executive session because according to appellant, the offer was one-sided, and thus not a legitimate settlement offer. As noted above, however, Council was permitted to discuss the offer in executive session. This is true whether or not the offer met appellant's approval. We reject this argument as well.

{¶ 46}   Finally, appellant attempts to transform the executive session discussion from a discussion on pending litigation to a discussion on zoning changes, a topic which may not be discussed in executive session. While the pending litigation may have ultimately had some zoning implication, the purpose of the executive session was to determine how to resolve the litigation against the Village, a permissible executive session topic.

{¶ 47}   We find no abuse of discretion, and reject appellant's sixth assignment of error.

VII

{¶ 48}   In his seventh assignment of error, appellant argues Ordinance No. 94-2014 is invalid because it resulted from deliberations not open to the public.

{¶ 49}   Because we have found no abuse of discretion on the part of the trial court in concluding there was no violation of the OMA, appellant's seventh assignment of error must necessarily fail.

I

{¶ 50}    Appellant's first assignment of error argues the trial court erred and abused its discretion when it found appellant's exhibits 2a and 2b inadmissible. Based on our resolution of assignments of error II, III, IV and V, finding no violation of the OMA, appellant's second assignment of error challenging evidentiary issues is moot pursuant to App.R. 12(A)(1)(b) and (c). We therefore decline to address appellant's first assignment of error.

{¶ 51}    The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.

EEW/rw